**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 07-31837 |
| JEFFREY L. SAMSON AND ) | |
| PATRICIA A. SAMSON ) | JUDGE RICHARD L. SPEER |
| ) | |
| DEBTORS. ) | CHAPTER 13 |
| ) | |

### RESPONSE OF ECAST SETTLEMENT CORPORATION TO DEBTORS' OBJECTIONS TO CLAIM NUMBERS 9, 10 AND 13

eCAST Settlement Corporation, ("eCAST"), by and through its undersigned counsel, hereby responds to Debtors' Objections to Claim Numbers 9, 10 and 13, and in support thereof, avers as follows:

### BACKGROUND

1. On May 5, 2007, Jeffrey L. Samson and Patricia A. Samson ("Debtors") filed a voluntary petition under Chapter 13, Title 11 of the United States Code and relief was ordered thereon.

2. On June 4, 2007, Bank of America, N.A. (USA) filed a timely general unsecured claim in the amount of $13,028.91 for the unpaid, pre-petition balance incurred on Debtor' Patricia A. Samson's Bank of America credit card account number ************7463. The claim was designated as Claim Number 9 ("Claim 9") on the Court's Claims Register. (In the interest of reducing the burden that voluminous documentation places on the parties, some of the documentation referred to herein will not be included as Exhibits, rather the Claim number or Docket item number designated by the Court have been cited for reference.)

3. On June 4, 2007, Bank of America, N.A. (USA) inadvertently filed a second timely general unsecured claim in the amount of $13,028.91 for the unpaid, pre-petition balance

incurred on Debtor Patricia A. Samson's Bank of America credit card also known as account number ************0354. The claim was designated as Claim Number 10 ("Claim 10") on the Court's Claims Register.

4. After the claims were filed, Bank of America sold the account to eCAST. On August 30, 2007, a Transfer of Claim 10 was filed pursuant to Fed. R. Bankr. P. 3001 (e)(2). *See* Docket Entry No. 24.

5. On their Schedule F, Debtors listed a disputed debt owed to "Bank of America" for an amount similar to that listed on the Proof(s) of Claim and with a redacted account number that matches the account number on the Proof(s) of Claim.[1] A true and correct copy of the relevant pages of Debtors' Schedule F is attached hereto and made a part hereof as Exhibit "A".

6. On July 27, 2007, eCAST, as assignee of GE Money Bank/Sam's Consumer filed a timely general unsecured claim in the amount of $1,132.23 for the unpaid, pre-petition balance incurred on Debtor Jeffrey Samson's Sam's credit card account number ************6202. The claim was designated as Claim Number 13 ("Claim 13") on the Court's Claims Register.

7. The Debtors listed a disputed debt owed to "Sam's Club" on their signed and sworn Schedule F for an amount similar to that listed on the Proof of Claim and with a redacted account number that matches the account number on the Proof of Claim. *See* Exhibit "A".

8. On May 17, 2007, the Debtors filed Objections to Claims 9, 10 and 13. The Debtors' Objections allege for each Claim that they were filed without sufficient supporting documentation. Further, the Debtors' Objections allege that Claims 9 and 10 are duplicative and that the balance of Claim 13 may include, "improper charges and fees…" The Debtors seek to disallow Claims 9, 10 and 13 in their entirety.

---

[1] Notably, Debtors listed all of their unsecured debts as "disputed" on their Schedule F, but did not include the nature or reason for their dispute.

## RESPONSE

### Claims 9 and 10

9. eCAST agrees that Claim 9 and 10 are duplicative, however, Debtors' request to disallow **both** of the claims is inappropriate. eCAST avers that one claim, preferably Claim 10, should remain as an allowed general unsecured claim,.

10. Further, Claims 9 and 10 were filed with documentation in the form of an account summary in support of the respective Claim. In an effort to resolve the Debtors' Objections, Counsel for eCAST provided additional supporting documentation to Debtor's Counsel on October 18, 2007, via electronic mail. The supporting documentation, which is attached hereto and made a part hereof as Exhibit "B", includes account statements dated June 13, 2006 through April 14, 2007 and a copy of Debtors' signed account application. The account statements reflect Debtor Patricia A. Samson's name, address, redacted account number, redacted also known as account number, account activity for the specified period and balance due as of the petition date. Additionally, the account application reflects Debtor Patricia A. Samson's signature and Jeffrey Samson's listing as an Authorized User on the account.

### Claim 13

11. Claim 13 was filed with documentation in the form of an account summary in support of the Claim. In an effort to resolve the Debtors' Objection, Counsel for eCAST provided additional supporting documentation to Debtor's Counsel on October 18, 2007, via electronic mail. The supporting documentation, which is attached hereto and made a part hereof as Exhibit "C", includes account statements dated May 27, 2006 through April 27, 2007. The account statements reflect Debtor Jeffrey Samson's name, address, redacted account number and account activity for the specified period. The April 2007 account statement reflects the pre-

petition balance due in the amount of $1,132.23, which matches the balance on the Proof of Claim.

**BURDEN OF PROOF**

12.  A claim may be disallowed only after objection, after notice and hearing, and only if it is excepted by statute. 11 U.S.C. § 502(b). The Court "shall allow such claim" in the Court's determinate amount unless it finds one or more of nine statutory exceptions. *Id.*; *In re Taylor*, 289 B.R. 379, 384 (Bankr. N.D. Ind. 2003). An objection that seeks disallowance of a claim for insufficient documentation is inadequate. *In re Cluff*, 313 B.R. 323, 331 (Bankr. D. Utah 2004).

13.  "The failure to attach a monthly account statement or a similar computer-generated account summary, evidencing the required account information, will result in the loss of the creditor's prima facie presumption of validity. This does not, however, automatically result in disallowance. Instead, as long as the creditor has presented some evidence to substantiate the claim, the objecting party must have a basis for challenging the validity of the claim. This is especially true when a debtor has included the claim in his statements and schedules, and the only basis for the objection is insufficient documentation. See *Cluff,* 313 B.R. at 339-40 (finding that listing a debt in one's statements and schedules, which have been executed under penalty of perjury, constitutes a party-opponent admission under Federal Rule of Evidence 801(d)(2) and must be rebutted with probative evidence that the listed claims are not actually owed)." *In re Kemmer*, 315 B.R. 706, 716 (Bankr. E.D. Tenn. 2004).

14.  Accordingly, disallowance is not a remedy; rather, the Court is charged with reviewing the positions of the parties and fixing the amount of the Claim. See *In re Burnett,* 306 B.R. 313 at n.8 (B.A.P. 9th Cir. 2004). See also *Kemmer,* 315 B.R. at 706, 712. "If a party in

4

interest files an objection, the court must determine the proper amount of the claim and allow it accordingly, unless the claim [is excepted by the provisions of § 502]." *Cluff,* 313 B.R. at 323, 331.

15. Further, amendments to a claim are freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim. See *Szatkowski v. Meade Tool & Die Co.*, 164 F.2d 228, 230 (6th Cir.1947); *In re G.L. Miller & Co.*, 45 F.2d 115 (2d Cir.1930).

16. Possible meritorious claims should not be dismissed because of defects in pleadings without the party being given an opportunity to conform. See *In re Burlington Coat Factory Sec. Litig.* 114 F.3d 1410 (3rd Cir. 1997).

17. In fact, eCAST did conform by providing the Debtors' counsel with account statements for all of the Claims in question, and an account application for Claims 9 and 10.

18. The Debtors have not provided a basis under Section 502 for disallowance of the claims.

19. The Debtors have not provided any documentation to support their contention that the claims should be disallowed or that the amount of Claim 13 is incorrect.

20. The Debtors have not even alleged that Claims 9, 10 and 13 are not owed. Thus, under any circumstances, disallowance of the claims is unreasonable. In the unlikely event that the Court finds it is unable to determine the amount of the Claims, the proper remedy would be to allow eCAST to amend the Claims.

WHEREFORE, eCAST Settlement Corporation respectfully requests that the Debtors' Objection to Claim Numbers 9, 10 and 13 be sustained in part and overruled in part such that Claim 9 is stricken as a duplicate of Claim 10 and Claims 10 and 13 are allowed as filed.

Respectfully submitted,

BY: /S/ *Amy M. Blythe*
CARLISLE, MCNELLIE, RINI, KRAMER & ULRICH CO., L.P.A.
By: Phyllis A. Ulrich (#0055291)
Amy M. Blythe (#0071021)
Chagrin Professional Plaza
24755 Chagrin Boulevard, Suite 200
Cleveland, OH 44122
Telephone: (216) 360-7200
Facsimile: (216) 360-7212
Email: ablythe@carlisle-law.com

Local Counsel for eCAST Settlement Corporation

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response was sent electronically to Richard J. Szczepaniak, Counsel for Debtor, P.O. Box 501, Toledo, OH, 43697-0501; John P. Gustafson, Chapter 13 Trustee, 316 N. Michigan St., #501, Toledo, OH 43604; and a copy was sent by regular U.S. Mail to Jeffrey and Patricia Samson, Debtors, 5061 Sandra Drive, Toledo, OH, 43613, on this 26th day of October, 2007.

BY: /S/ *Amy M. Blythe*

Local Counsel for eCAST Settlement Corporation