UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | **JUDGE RICHARD L. SPEER** |
| Jeffrey/Patricia Samson | ) | |
| | ) | Case No. 07-31837 |
| Debtor(s) | ) | |
| | ) | |

## DECISION AND ORDER

This cause comes before the Court after an evidentiary hearing on the Debtors' objection to three claims, numbered 12, 14 and 15, filed by B-Real, LLC. Prior to the Hearing, B-Real filed a Response in Opposition to the Debtors' objection to its claims. At the conclusion of the Hearing, the Court afforded the Parties the opportunity to file additional written arguments in support of their respective positions. In the time frame set by the Court for the submission of said arguments, however, only the Debtors filed a response. The Court has now had the opportunity to review all of the materials relevant to the issue of the Debtors' objection to the claims of B-Real, and finds, for the reasons set forth herein, that the Debtors' objection to B-Real's proofs of claim should be Overruled.

### FACTS

On May 5, 2007, the Debtors, Jeffrey and Patricia Samson, filed a petition in this Court for relief under Chapter 13 of the United States Bankruptcy Court. (Doc. No. 1). In their bankruptcy schedules, the Debtors set forth 11 unsecured, nonpriority claims for "unpaid credit transactions" in the amount of $86,471.70. All these claims were listed as contingent, unliquidated and disputed. The bar date for filing proofs of claim against the Debtors' bankruptcy estate was set for September 12, 2007. (Doc. No. 6). This time has now passed.

In re Jeffrey/Patricia Samson
Case No. 07-31837

Of their unsecured, nonpriority claims, the Debtors listed three obligations owed to Chase Bank USA, N.A. in the amounts of $902.92, $7,788.43 and $13,702.82. Against these obligations, B-Real, LLC, asserting its status as the assignee of these accounts, filed three proofs of claim in the respective amounts of $996.87, $8,175.34, and $14,874.65. These claims were numbered: (12), (14) and (15).

All the claims filed by B-Real attached a brief account summary and set forth as their basis "credit cards." As additional proof of its assignment, B-Real amended its three proofs of claim, attaching thereto a chain of agreements between itself and Chase Bank; these exhibits did not list individual accounts, but instead described a blanket transfer of accounts, worth presumably substantial sums of money. Also, for its amended proofs of claim, B-Real attached copies of account statements which had been sent by Chase Bank to the Debtors wherein the Debtors' most recent transactional history with respect to each account was detailed. Each of these statements reflected that the Debtors, in the time immediately preceding their bankruptcy filing, owed Chase Bank the exact amounts reflected in the proofs of claim filed by B-Real.

On September, 27, 2007, the Court confirmed the Debtors' plan of reorganization. (Doc. No. 37). Following plan confirmation, the Debtors filed objections to the three proofs of claim filed by B-Real. All three objections set forth as their grounds:

> that the Debtors do not owe this creditor the amount reflected in the claim and the Debtors believe there are improper charges and fees added to this account. The Debtors further state the claim is not substantiated by sufficient documentation.

(Doc. Nos. 32, 34 & 35). In addition, for Claim No. 15 in the amount of $14,874.65, the Debtors also set forth in their objection that they "believe this claim is a duplicate of a claim previously filed in this proeeding [sic]." (Doc. No. 35).

Page 2

In re Jeffrey/Patricia Samson
Case No. 07-31837

## DISCUSSION

Before this Court are the Debtors' objections to the three proofs of claim, numbered 12, 14 and 15, filed by B-Real, LLC. A determination concerning an objection to a proof of claim is deemed to be a "core proceeding" over which this Court has been conferred with the jurisdictional authority to enter final orders and judgments. 28 U.S.C. § 157(b)(2)(B).

The determination of claims against the bankruptcy estate is a central function of the bankruptcy court. 28 U.S.C. § 157(b)(2)(B). Claims are normally made against the estate by filing a proof of claim. *In re CBI Holding Co., Inc.*, — F.3d —, 2008 WL 2405702 (2nd Cir. 2008) (filing a proof of claim against a bankruptcy estate triggers the process of 'allowance and disallowance of claims'). For this process, § 502(a) directs that, once a proof of claim is filed, it is "deemed allowed," unless a party in interest objects. If, as here, a party does object to the proof of claim, § 502(b) further directs that the court "after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition . . . ." Section 502(b) then goes on to provide that the court "shall allow" the claim in the amount determined, except to the extent it falls within one of nine enumerated categories of prohibited claims.

As the basis for their objection to the three proofs of claim filed by B-Real, the Debtors have set forth three overall grounds: (1) they do not owe B-Real the amount reflected the claim; (2) they believe B-Real has included in its proofs of claim improper charges and fees; and (3) the proofs of claim filed by B-Real are not substantiated by sufficient documentation. A fair reading of these grounds for objection show that the first two go to the amount of the claims; while the third ground, the lack of supporting documentation, goes to the validity of the claims altogether. Because any determination as to the amount of a claim is necessarily dependent on its validity – in the nomenclature of § 502(b), the claim's allowance – the Court's determination regarding the Debtors'

Page 3

objections to B-Real's proofs of claim will necessarily begin with the third point raised by the Debtors: that the lack of supporting documentation renders B-Real's claims invalid.

The nine grounds set forth in § 502(b) for a claim's disallowance are exclusive. *B-Line, LLC v. Kirkland (In re Kirkland)*, 379 B.R. 341, 345 (B.A.P. 10th Cir. 2007). *See also Travelers Casualty & Surety Co. of America v. Pacific Gas & Elec. Co.*, 549 U.S. —, 127 S.Ct. 1199, 1204, 167 L.Ed.2d 178 (2007) (where a party in interest objects, the court 'shall allow' the claim 'except to the extent that' the claim implicates any of the nine exceptions enumerated in § 502(b)."). And of the nine grounds provided in § 502(b) for a claim's disallowance, none set forth as their basis that a claim may be disallowed simply because a creditor has not provided supporting documentation. Thus, even if shown to be true, the Debtors' allegation, that B-Real did not provide sufficient supporting documentation to establish the validity of its proof of claim, does not *mandate* the disallowance B-Real's three proofs of claim. *See Heath v. American Express Travel Related Services (In re Heath)*, 331 B.R. 424, 433 (9th Cir. B.A.P. 2005); *Dove-Nation v. eCast Settlement Corp. (In re Dove-Nation)*, 318 B.R. 147, 152 (8th Cir. B.A.P. 2004).

At the same time, creditors who do not provide documentation to support a proof of claim still face the risk that their claim may be disallowed for evidentiary reasons. Where an objection to a proof of claim is lodged, thereby depriving the claim of its "deemed allowed" status under § 502(a), the law places the burden of persuasion to establish the validity of the claim on the party having that burden under applicable nonbankruptcy law. *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 20-21, 120 S.Ct. 1951, 1955 (2000) (burden of proof is essential element of a bankruptcy claim and one who asserts claim in bankruptcy is entitled to burden of proof that normally comes with it).

For this purpose, there is no reason to suppose that B-Line would not carry, under applicable nonbankruptcy law, the burden to establish the validity of its claim. Black letter law holds that the

Page 4

**In re Jeffrey/Patricia Samson**
**Case No. 07-31837**

party asserting the existence of a contract bears the burden to show the existence of all the essential elements in the contract's formation. 17A AM. JUR. 2D Contracts § 183 (2008). *See also In re Kendall*, 380 B.R. 37, 47 (Bankr. N.D. Okla. 2007) ("To prevail in collecting a debt based upon a breach of contract, the claimant must establish the formation of an agreement, establish a breach or default under the agreement, and quantify the damages."). Therefore, a creditor, such as B-Real, faced with an objection to its proof of claim must provide evidence in support of the claim. Bankruptcy Rule 3001 facilitates this process.

Bankruptcy Rule 3001 specifies that certain supporting materials are to be filed with a proof of claim. Although not altering the burden of persuasion, Bankruptcy Rule 3001 provides that a proof of claim filed in accordance with its provisions "shall constitute prima facie evidence of the validity and amount of the claim." FED.R.BANKR.P. 3001(f). The effect of this is that where a creditor has filed a proof of claim in conformance with Bankruptcy Rule 3001, a debtor may not stand on only their objection, but must come forward with sufficient evidence to "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *In re McLaughlin*, 320 B.R. 661, 665 (Bankr. N.D.Ohio 2005).

On this issue as to the validity of its claims, the Debtors acknowledged at the Hearing held in this matter that the proofs of claims filed by B-Real represent legitimate accounts against which they were extended credit. Instead, the Debtors' primary position, regarding the lack of sufficient documentary evidence to support the three proofs of claim filed by B-Real, concerns whether B-Real is the true assignee of the claims. In their own words:

> B-Real, LLC filed the proofs of claim as the entity to whom the Debtors owe the money and maintains that it is the owner of the accounts identified in the proofs of claim. Yet in the documentation supporting the claim there is no indication that the account which is referred to in each proof belongs to B-Real, LLC. Counsel for the Creditor has asked this Court to accept the fact that B Real, LLC owns the accounts on trust without having to submit any

Page 5

>documentation evidencing ownership because it is "administratively burdensome" to the Creditor to present that evidence.

(Doc. 192, at pg. 2). According to the Debtors, if B-Real is not the actual assignee of the Chase Bank accounts, allowing B-Real's proofs of claim could subject them to duplicate claims. Regarding this position, the Court accepted at the Hearing the Debtors' proffer that they had never heard of B-Real and that they never received any notice of an assignment.

It is a basic facet of modern day credit financing that debts are frequently assigned to succeeding creditors. The law generally encourages this, as without it, the capital needed to fund the large amount of financing for which consumers have come to depend would simply not exist. Bankruptcy Rule 3001 recognizes this reality, providing a mechanism by which assignees of debts are able to assert their claims in bankruptcy. Where, as here, a claim is transferred other than for security *before* a proof of claim is filed, the Rule provides simply that "the proof of claim may be filed only by the transferee or an indenture trustee." FED.R.BANKR.P. 3001(e)(1) (emphasis added).

Although seemingly straightforward, the requirement of Bankruptcy Rule 3001(e)(1), that a claim may only be filed by the transferee or an indenture trustee, has not been applied uniformly. Going contrary to the Debtors' position, some courts, giving the provision a literal reading, have held that Bankruptcy Rule 3001(e)(1) obviates the need for a creditor to file any proof of the assignment so long as there do not exist any competing claims. *See, e.g.*, *In re Gonzalez*, 356 B.R. 905, 906-07 (Bankr. S.D.Fla. 2006); *In re Relford*, 323 B.R. 669, 680-81 (Bankr. S.D.Ind. 2004). This reading finds support in a couple of areas.

First, the Advisory Committee Notes to the 1991 amendments to Bankruptcy Rule 3001 explained as follows: subdivision (e)(1) of Rule 3001 was "amended to limit the court's role to the adjudication of disputes regarding transfers of claim. If a claim has been transferred prior to the filing of a proof of claim, *there is no need to state the consideration for the transfer or other evidence of*

Page 6

In re Jeffrey/Patricia Samson
Case No. 07-31837

*the transfer . . . .* " (emphasis added). Secondly, this statement, that no evidence of a transfer is needed to support a proof of claim, is supported by a *pari materia* reading of Bankruptcy Rule 3001.

Differing from Bankruptcy Rule 3001(e)(1), the succeeding provision, Rule 3001(e)(2), provides that in a situation where a claim other than one for security is transferred *after* the proof of claim is filed, "evidence of the transfer" is required.[1] Therefore, by excluding from Bankruptcy Rule 3001(e)(1) the need to file any evidence of a transferred claim, while specifically including such a requirement in the succeeding subdivision, a logical conclusion can be drawn that creditors with assigned claims subject to Bankruptcy Rule 3001(e)(1) are not required to produce evidence of the assignment. It is a basic interpretive principle that where particular language is included in one part of an act, but omitted in another part of the same act, the disparate inclusion or exclusion was done intentionally. *See Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983), ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.").

---

[1]

(2) Transfer of claim other than for security after proof filed

> If a claim other than one based on a publicly traded note, bond, or debenture has been transferred other than for security after the proof of claim has been filed, evidence of the transfer shall be filed by the transferee. The clerk shall immediately notify the alleged transferor by mail of the filing of the evidence of transfer and that objection thereto, if any, must be filed within 20 days of the mailing of the notice or within any additional time allowed by the court. If the alleged transferor files a timely objection and the court finds, after notice and a hearing, that the claim has been transferred other than for security, it shall enter an order substituting the transferee for the transferor. If a timely objection is not filed by the alleged transferor, the transferee shall be substituted for the transferor.

Page 7

In re Jeffrey/Patricia Samson
Case No. 07-31837

Other courts, however, have imposed a higher standard on a creditor holding a transferred claim, finding that Bankruptcy Rule 3001(e)(1) does not relieve the assignee from their evidentiary burden to produce proof of an assignment. *In re Parrish*, 326 B.R. 708, 719 (Bankr.N.D.Ohio 2005) (J. Morgenstern-Clarren) ("To have an allowed proof of claim, the claimant must prove an initial fact: that it is the creditor to whom the debt is owed or, alternatively, that it is the authorized agent of the creditor."). These courts reason that, because Bankruptcy Rule 3001(e)(1) only concerns itself with the subject of who is entitled to file the proof of claim, and not what evidence is necessary to prove ownership, it cannot serve as authority to relieve a creditor from providing proof of the assignment. *In re Hughes*, 313 B.R. 205, 210, (Bankr. E.D.Mich. 2004); *In re Rochester*, 2005 WL 3670877 (Bankr. N.D.Tex. 2005). Put simply, these courts hold that Bankruptcy Rule 3001(e) speaks only to the relative rights as between a transferor and a transferee, and not to the requirements for filing a proof of claim against the bankruptcy estate. *In re White*, 2008 WL 269897 *4 (Bankr. N.D.Tex. 2008).

Yet, even if this Court were inclined to adopt this line of reasoning, a finding against B-Real is not necessarily compelled as a result. For those courts finding that evidence of an assignment is necessary to substantiate a claim for purposes of Bankruptcy Rule 3001, it is generally agreed that such evidence does not have to be exacting – *e.g.*, the documentation for the assignment does not have to specify a debtor's particular account number. Instead, evidence of a blanket assignment may suffice. For example, in *In re Hughes* the court found that documents which verify that the debtor's original creditors routinely sell their credit-card accounts to the assignee filing the proof of claim may suffice as *prima facie* evidence of the transfer for purposes of Bankruptcy Rule 3001. 313 B.R. at 211. This Court concurs.

In strong contradiction to the position advocated by the Debtors, nothing in Bankruptcy Rule 3001 indicates that documentation showing the specific transfer of the debtor's individual account is required to establish the validity of an assignment. As observed in the case of *In re Kincaid*:

Page 8

**In re Jeffrey/Patricia Samson**
**Case No. 07-31837**

Bankruptcy Rule 3001 "only requires the writing by which the *claimant acquired* its claim. 388 B.R. 610, 615 (Bankr. E.D.Pa. 2008) (emphasis in original). This reading also conforms with the purpose of Bankruptcy Rule 3001 which is meant to expedite the claim's process by providing certain minimum evidentiary standards by which proofs of claim may be assessed. *In re Cluff*, 313 B.R. at 332. The Rule was never meant to require that a creditor provide incontrovertible proof of its claim.

In this matter, the evidence put forth by B-Real, to support its three proofs of claim, that it is the true assignee of those accounts maintained by the Debtors with Chase Bank, is the form of a blanket assignment. No account numbers concerning the Debtors' individual account with Chase Bank were provided. Instead, for all three claims, B-Real's evidence of its assignment from Chase Bank consists of only a general "Bill of Sale," wherein it is stated that Chase Bank is selling accounts to B-Line, LLC, in accordance with the terms of a previously executed "Credit Card Account Purchase Agreement." Another set of agreements then show the transfer of certain accounts from B-Line, LCC, to B-Real.

In assessing the sufficiency of evidence regarding a blanket assignment of credit-card accounts, the decision of *In re Rochester*, 2005 WL 3670877 (Bankr. N.D.Tex. 2005), provides a well-reasoned analysis. In *In re Rochester*, the court identified three types of blanket assignments that a court could expect when assessing the sufficiency of a proof of claim filed by the assignee of a credit-card account: (1) a proof of claim accompanied with a blanket assignment agreement under which the assignor is acknowledged on the debtor's bankruptcy schedules as being a creditor; (2) a proof of claim where the assignor is not acknowledged on the debtor's bankruptcy schedules, but where there exist other documents, along with the assignment, that link the assignor with a creditor listed on the debtor's schedules and, then, with the claimant; and (3) a proof of claim with a blanket assignment where the assignor is not acknowledged by the debtor and the supporting documentation does not provide any direct link to the claimant. *Id.* at *5-7.

Page 9

**In re Jeffrey/Patricia Samson**
**Case No. 07-31837**

In this particular matter, the situation before that Court most closely comports with the first scenario. In their bankruptcy petition, the Debtors acknowledged three obligations owed to Chase Bank, the initial assignor of the three claims against which B-Real filed its proofs of claim. To be sure, the Debtors listed their three obligations to Chase Bank as disputed, contingent and unliquidated. But the Debtors listed all their claims in this manner, with their attorney explaining that he does this simply as a matter of course for all debts. As a result, the Court cannot ascribe any weight to the Debtors' categorization of their debts, a finding which was not actively contested by the Debtors. At the Hearing held in this matter, the Debtors acknowledged, having listed Chase Bank as a creditor in their bankruptcy petition, that Chase Bank held legitimate claims against their estate.

When the assignor of a claim is acknowledged by the debtor as being a creditor, the court in *In re Rochester* found that a blanket assignment between the named assignor and the claimant was sufficient to establish the assignee's right to assert the claim where, as in this matter, the assignee provided copies of account statements that corresponded to the account(s) acknowledged by the debtor as owing to the assignor. *Id.* at *6. In this regard, B-Real attached to its three proofs of claim copies of accounts statements which had been previously sent by Chase Bank to the Debtors. And as in *In re Rochester*, this Court can see no reason why this evidence is not sufficient to establish that, for purposes of Bankruptcy Rule 3001, B-Real is the assignee of the accounts acknowledged by the Debtors as owing to Chase Bank.

First, a party without any financial relationship with a debtor would not normally have access to a debtor's account statements. Thus, in the absence of an assignment, it is hard to explain B-Real's access to and possession of the account statements which had been sent by Chase Bank to the Debtors. Second, the Court doesn't share the Debtors' concern regarding their potential exposure to duplicate claims.

Page 10

In re Jeffrey/Patricia Samson
Case No. 07-31837

A very real concern for any debtor in a situation involving an assignment – and a main point of the Debtors' arguments in this matter – is that of duplicate claims being filed. At this time, however, this concern has been muted. B-Real is the only creditor to have filed proofs of claim on those obligations scheduled by the Debtors as owed to Chase Bank. The bar date to file claims in the Debtors' case has passed. Hence, so long as the Debtors remain under the protection of the Court, they cannot be subject to any duplicate claims. Similarly, upon receiving a discharge in their Chapter 13 case, the Debtors' liability for any duplicate claim, even if it existed, would be discharged. 11 U.S.C. § 1328.

There also exists a substantial safeguard against a duplicate claim existing in this case. If B-Real is not the actual assignee of the Debtors' accounts from Chase Bank, and instead filed its proofs of claim as part of a scheme to obtain funds from the Debtors' estate for which there existed no right, those persons involved in the artifice are subject to strict criminal penalties. Prominently, 18 U.S.C. § 157 provides that a person making a false oath on a proof of claim is subject to a penalty of up to five years in prison.

Accordingly, for all these reasons, even if Bankruptcy Rule 3001 requires evidence of an assignment, it is the decision of this Court that sufficient evidence has been afforded by B-Real to substantiate its status as the assignee of the Debtors' account with Chase Bank for purposes of Rule 3001. What is more, the Debtors' single point in opposition, that it never heard of B-Real, is insufficient to overcome the *prima facie* presumption of validity that now attaches to B-Real's assignment under Bankruptcy Rule 3001(f). Contractual principles hold that notice of an assignment to the obligor, here the Debtors, is not an essential element to the validity of an assignment as between an assignor and an assignee. (Although the obligor may normally continue to regard the assignor as the owner of the account until notice is provided). 29 Williston on Contracts § 74:56 (4th ed.).

Page 11

In re Jeffrey/Patricia Samson
Case No. 07-31837

Just the same, as the assignee of the Debtors' accounts with Chase Bank, B-Real only steps into the shoes of Chase Bank. As a result, to establish the *prima facie* validity of its claim, B-Real must still match the evidentiary requirements of Bankruptcy Rule 3001 which would have faced Chase Bank. The first of these evidentiary requirements, as set forth in Bankruptcy Rule 3001, is that its proof of claim "shall conform substantially to the appropriate Official Form." FED.R.BANKR.P. 3001(a). Additionally, the Rule provides that when a claim is based on a writing, "the original or a duplicate shall be filed with the proof of claim." FED.R.BANKR.P. 3001(c). For this second requirement, credit-card transactions, such as that at issue here, are classified as statements in writing, thus necessitating that written documentation be submitted in support of the proof of claim. *See, e.g.*, *In re Kendall*, 380 B.R. at 45; *In re Joslin*, 344 B.R. 146, 150 (Bankr. D. Kan. 2006).

Concerning its compliance with these two requirements of Bankruptcy Rule 3001, there is little question that B-Real complied with the first. Bankruptcy Form Number 10, the Official Form for Proofs of Claim, requires only that the creditor provide the following basic information about its claim: name of the debtor; name and address of the creditor; amount of the claim; classification of the claim as secured, unsecured or priority; basis for the claim; whether the claimant knows of anyone else asserting the same claim; and identifiers such as the account and case number. A review by the Court of the proofs of claim filed by B-Real, both the original and the amended, reveal that they contain all this basic information.

Bankruptcy Form 10 also goes on to instruct that properly redacted copies of documents (or summaries thereof) supporting the proof of claim, such as a promissory note or itemized statements of running accounts, should be attached to the proof of claim. This instruction helps to implement the second of the above requirements mentioned for Bankruptcy Rule 3001 – that when a claim is based on a writing, "the original or a duplicate shall be filed with the proof of claim." FED.R.BANKR.P. 3001(c). There is, however, no bright-line test to determine the sufficiency of the written materials submitted by the creditor for purposes of Bankruptcy Rule 3001. *In re Gonzalez*,

Page 12

In re Jeffrey/Patricia Samson
Case No. 07-31837

356 B.R. 905, 906 (Bankr. S.D.Fla. 2006). Courts, instead, determine the sufficiency of the documentation attached to a proof of claim on a case-by-case basis. *In re Burkett*, 329 B.R. 820, 829 (Bankr. S.D.Ohio 2005).

An often important consideration in this regard centers on the correlation between the proof of claim and the manner in which the debt was scheduled by the debtor in his or her bankruptcy petition. *Id.* At the one end, if a proof of claim exactly or very closely correlates to the debtor's bankruptcy schedules, no further documentation may be necessary to establish the *prima facie* validity of the claim against the debtor (but not another party-in-interest such as the trustee) for purposes of Bankruptcy Rule 3001. *In re Burkett*, 329 B.R. at 829, *citing In re Relford*, 323 B.R. 669, 676 (Bankr. S.D.Ind. 2005). The reason: statements contained in a debtor's schedules are considered a judicial admission.[2] At the opposite end, where a debt is not even scheduled or otherwise acknowledged by the debtor, thorough documentation underlying the claim will normally need to be attached before the claim can be afforded a *prima facie* presumption of validity under Bankruptcy Rule 3001.

In the middle, where a person other than the debtor objects to the claim, or where there exists a correlation between a debtor's schedules and the creditor's proof of claim, but the correlation is not exacting, some modicum of substantiating documentation will be necessary. For example, a summary of the account will often be sufficient. To illustrate, in the case of *In re Cluff*, the court held that, where the debtor's schedules closely resembled the proofs of claim filed in the case, an account summary, in the following format, was sufficient: (1) it contained the amount of the debt; (2) it set

---

[2]

*In re Leverett*, 378 B.R. 793, 799-800 (Bankr. E.D.Tex.2007). *See also In re Bohrer*, 266 B.R. 200, 201 (Bankr.N.D.Cal.2001) ("statements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions") FED.R.EVID.801(d)(2) (admission by party-opponent exception to hearsay rule).

Page 13

**In re Jeffrey/Patricia Samson**
**Case No. 07-31837**

forth the name and account number of the debtor; (3) it was in the form of a business record or some other equally reliable format; and (4) if the claim includes interest, late fees and attorneys' fees, a breakdown of those components was explained. 313 B.R. 323, 335 (Bankr. D.Utah 2004). *See also In re Dove-Nation*, 318 B.R. 147, 151-52 (8th Cir. B.A.P. 2004) (similar in holding).

Allowing a creditor to provide documentation solely through the use of a summary finds support in the proof of claim form, Official Form 10, which under the heading of "Documents" advises to the claimant that "you may also attach a summary." Notwithstanding, not all courts have ascribed to such a minimal approach, even when there exists between the parties a general agreement as to the existence of the creditor's claim, and instead require that when supporting a proof of claim based upon a credit-card account, additional documentation beyond a summary of the account should be submitted – *e.g.*, the copies of underlying agreement and/or a recent transaction history. *In re Kemmer*, 315 B.R. 706, 716 (Bankr. E.D.Tenn. 2004) (requiring recent transaction history); *In re Relford*, 323 B.R. at 674 (requiring both).

Yet regardless of the approach applied, the documents attached to the proofs of claim filed by B-Real can be viewed as sufficient to constitute *prima facie* evidence as to the validity and amount of its claims. Of primary importance, the evidence in this case shows that the claims asserted by B-Real correlate very closely with those debts listed by the Debtors in their bankruptcy schedules. It is true that the Debtors, as pointed out earlier, listed the three claims asserted by B-Real as disputed, contingent and unliquidated. But as also explained earlier, this categorization of their obligations cannot not be ascribed any weight because the Debtors listed all their claims in this manner, with their attorney explaining that he does this simply as a matter of course for all debts.

Consequently, insofar as it concerns the Debtors' objection, B-Real's burden to attach supporting documents to its proof of claim is minimal. Even so, B-Real has provided more than sufficient evidence to support the validity of its three proofs of claim, with B-Real attaching a brief

Page 14

**In re Jeffrey/Patricia Samson**
**Case No. 07-31837**

account summary and a recent accounting statement to each claim. Moreover, regarding the other two grounds for the Debtors' objection, this evidence, as now explained, is sufficient to establish that the amounts claimed by B-Real in each of its three proofs of claim should be afforded a *prima facie* presumption of validity.

According to the Debtors, (1) they do not owe B-Real the amount reflected their claims; and (2) they believe B-Real has included in its proof of claim improper charges and fees. However, the detailed statements for each of the Debtors' accounts with Chase Bank, and assigned to B-Real, show otherwise. These statements, attached to each proof of claim, show a running history of each of the Debtors' accounts, and the charges imposed during each billing period. The amounts sought in each of B-Real's proofs of claim also exactly match the final balances represented in each of the account summaries.

The Debtors have not rebutted this evidence. To the contrary, the Debtors acknowledged in their bankruptcy schedules owing to Chase Bank the approximate amounts now claimed by B-Real. In this way, a debtor may not raise the specter of § 502(b)(1) to avoid paying debts that they cannot in good faith disavow. *In re Chalakee*, 385 B.R. 771, 781 (Bankr. N.D.Okla. 2008).

For all these reasons, the Court finds that B-Real has sustained its evidentiary burden of establishing the *prima facie* validity and amount of its claims for purposes of Bankruptcy Rule 3001. In turn, the Debtors have not supplied the Court with sufficient evidence to rebut this presumption. As such, the Debtors' objections to the three proofs of claim filed by B-Real must be overruled.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Page 15

**In re Jeffrey/Patricia Samson**
**Case No. 07-31837**

Accordingly, it is

**ORDERED** that the Debtors' objection to those proofs of claim filed by B-Real, LLC, Numbered 12, 14 and 15, be, and is hereby, OVERRULED.

Dated: August 4, 2008

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 16

CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing Decision and Order has been sent this 4th day of August 2008 by ordinary U.S. mail service to:

Geoffrey Albrecht
673 Mohawk St
#203
Columbus, OH 43206

B-Real, LLC
Mail Stop 550
2101 Fourth Ave., Suite 1030
Seattle, WA 98121

John P. Gustafson
Office of the Chapter 13 Trustee
316 N. Michigan St.
#501
Toledo, OH 43604

Richard J Szczepaniak
PO Box 501
Toledo, OH 43697-0501

Jeffrey L. Samson
5061 Sandra Drive
Toledo, Oh 43613

Patricia A. Samson
5061 Sandra Drive
Toledo, OH 43613

_____
Deputy Clerk